## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re, | Case No. 21-00914-DD |
| Kenneth E. Cooper, | Chapter 7 |
| Debtor. | |

### ORDER SUSTAINING OBJECTION TO CLAIM

This matter comes before the Court upon Debtor's objection to the claim of TD Bank, NA ("TD"). TD filed a response to the objection, and the Court held a hearing on August 9, 2021. Present at the hearing were counsel for Debtor and TD. Based on the following, the objection is sustained. The proof of claim is allowed as provided in this order and may be further amended, as to the arrearage computation, as provided herein.

Debtor filed his voluntary chapter 13 petition on April 1, 2021. On May 10, 2021, TD filed its claim and amended it on June 23, 2021, to reflect a secured claim in the amount of $73,874.83 (Claim # 3-2, the "Claim"). In support of its Claim TD included a Mortgage Proof of Claim Attachment, with a payoff reflecting an interest rate of 18% effective 10/15/18. It attached the underlying promissory note, mortgage, and accompanying loan documents. Debtor filed his objection to the Claim on July 1, 2021 (the "Objection"). In the Objection, Debtor refers to the Order of Foreclosure and Sale that was entered on December 29, 2020, in the Court of Common Pleas for Florence County in Case No. 2019-CP-21-02931 (the "Foreclosure Order"). Pursuant to the Foreclosure Order, the state court found that Debtor was in default on the note and mortgage to TD in the total amount of $52,364.93, which included interest at the rate of 3.25%. Debtor argues that judicial estoppel precludes TD from claiming an increased interest rate in the bankruptcy case. TD filed its response on July 12, 2021, stating that it was electing to assess the

default interest rate of 18% based on the underlying loan documents. At the hearing counsel for TD argued that the Court is unable to modify the terms of the mortgage loan documents in connection with the interest rate.

The issue before the Court is the total amount of TD's claim and the arrearage that must be paid in connection with a cure and maintain chapter 13 plan. Upon a creditor filing a claim pursuant to 11 U.S.C. § 501, the claim is "deemed allowed" under section 502(a). *LVNV Funding, LLC v. Harling*, 852 F.3d 367, 372 (4th Cir. 2017). At that point, the debtor or other interested party may file an objection to the claim, and the bankruptcy court will adjudicate the validity and amount of the claim *vel non*. *Id*.; 11 U.S.C. § 502. The creditor's filing of a proof of claim in compliance with the statute and rules constitutes prime facie evidence of the amount and validity of the claim, and the burden is on the debtor to object to the claim and introduce evidence to rebut the claim's presumptive validity. *In re Harford Sands Inc*., 372 F.3d 637, 640 (4th Cir. 2004). Thereafter, "[i]f the debtor carries its burden, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence." *Id*.

Section 1322(b)(2) of the bankruptcy code prohibits a debtor from modifying the rights of a creditor that has a claim secured by a security interest in real property that is the debtor's principal residence. The rights of the secured creditor are those bargained for by the mortgagor and mortgagee and are reflected in the relevant mortgage instruments which include the right to accelerate the loan upon default and proceed against the secured property by foreclosure and public sale. *Nobelman v. American Sav. Bank*, 508 U.S. 324, 329 (1993). Courts have interpreted the no-modification provision to prohibit any fundamental alteration in a debtor's obligations such as converting a variable interest rate into a fixed interest rate. *Anderson v. Hancock*, 820 F.3d 670, 674 (4th Cir. 2016) (*quoting In re Litton*, 330 F.3d 636,643 (4th Cir.

2

2003)). The Court in *Anderson v. Hancock* rejected the debtor's attempt to decrease the interest rate on the mortgage under the proposed plan because it was a modification of the terms of the loan. *Id*. at 676. The parties in that case were bound to the parties' agreed upon default rate of interest. *Id*.

However, the issue before the Court is not Debtor's intention to modify the mortgage terms in the plan. The proposed plan does not modify TD's rights other than as permitted by § 1322(b)(5). Debtor's Objection to the Claim is based on the relief that TD sought and received in the Foreclosure Order. In the foreclosure action, TD chose to assert the original interest rate under the mortgage. It did not assert the default rate provided in the documents. The state court entered the Foreclosure Order based on those pleadings and determined the total debt to TD based on the contract rate and continuing at 3.25% per annum "through the date to which such interest is computed." Bankruptcy courts do not have jurisdiction to set aside a state court's foreclosure order. *In re Kennedy*, No. 17-03101-5-JNC, 2019 WL 2366419, at *10 (Bankr. E.D.N.C. May 3, 2019).

While TD had the right to assert an interest rate of 18% after Debtor's default on the mortgage, it did not do so. For the purpose of computing the arrearage to be treated pursuant to § 1322(b)(5) in the plan, TD's claim is allowed as a secured claim in the amount of $52,364.93 with an arrearage to be computed at 3.25% per annum according to the usual practice in this district. In the Foreclosure Order, the state court determined the amount of the debt to TD based on its pleadings and an interest rate of 3.25%. Neither TD nor this Court located applicable state law affording TD the right to recalculate its claim post-judgment utilizing a default rate of interest it previously failed to use. The plan does not modify any future rights or obligations of

3

the parties under the loan documents, nevertheless, for cure purposes, TD is limited to the relief it sought and obtained.

Therefore, the Objection is sustained, and the Claim is allowed in the amount as adjudicated in the Foreclosure Order.

IT IS SO ORDERED.

**FILED BY THE COURT**
**08/18/2021**



Entered: 08/18/2021

David R. Duncan
US Bankruptcy Judge
District of South Carolina